JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&E TELEVISION NETWORKS, LLC, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>PIVOT POINT ENTERTAINMENT, LLC, ET AL.<br><br>Defendants. | CASE NO. CV 10-4978-JST (JCGx)<br><br>**ORDER GRANTING PIVOT POINT'S MOTION DISMISS PURSUANT TO RULE 12(b)(3) AND DENYING A&E'S MOTION FOR INTERPLEADER RELIEF** |

## I. INTRODUCTION

On July 7, 2007, Plaintiffs A&E Television Networks, LLC ("A&E") and D&D Television Productions, Inc. ("D&D") (collectively "Plaintiffs") filed an interpleader action pursuant to 28 U.S.C. § 1335 against Defendants Pivot Point Entertainment, LLC, Boris Krutong, Duane Chapman, and Alice Barmore-Smith Chapman. (Compl., Doc. 1.) Plaintiffs claim to "owe in excess of $2 million in Assets to Pivot Point or the Chapmans" pursuant to a December 19, 2005 agreement (the "Producer Agreement") relating to production of the television program "Dog the Bounty Hunter" (the "Program"). (Compl. ¶ 19.) Plaintiffs moved for interpleader relief pursuant to Federal Rule of Civil Procedure 22. (Mot. for Inter. Rel., Doc. 10.) Defendants Pivot Point and Boris Krutonog (collectively "Pivot Point") moved to dismiss the interpleader action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Under Rule 12(b)(3), Pivot Point argues that venue was improper in the Central District of California because the Producer Agreement included a forum selection clause requiring all matters arising out of the Producer Agreement to be litigated in the state of New York. (Mot. to Dis., Doc. 16, at 8-9, 20.) Plaintiffs and the Chapmans separately opposed the Motion to Dismiss, and Pivot Point filed a reply.

Having reviewed the briefs and taken the matters under submission, the Court GRANTS Pivot Point's Motion to Dismiss pursuant to Rule 12(b)(3) and DENIES Plaintiff's Motion for Interpleader Relief.[1]

## II. BACKGROUND

Plaintiffs and Pivot Point are parties to the Producer Agreement, a contract establishing the parties' respective roles and rights as co-producers of the Program.

---

[1] Because the Court Grants Pivot Point's Motion to Dismiss on Rule 12(b)(3) grounds, the Court need not address Pivot Point's arguments under Rules 12(b)(1) or 12(b)(6).

2

(Compl. ¶ 8-9; Mot. to Dis., Ex. 4.)  The Producer Agreement contains a forum selection clause that states:

> This Amendment No. 3 shall be governed by, and construed in accordance with, the laws of the State of New York . . . . It is hereby agreed that any matter arising under the . . . Agreement, as amended by this Amendment No. 3, shall be finally adjudged or determined in any court or courts of the state of New York or of the United States of America, in New York County, New York, and the parties hereto hereby submit generally and unconditionally and exclusively to the jurisdiction of such courts and of any of them in respect to any such matter and consent to service of process by any means authorized by New York law.

(Mot. to Dismiss, Ex. 4, ¶ 9.)

On May 19, 2008, Pivot Point filed suit against Plaintiffs in New York state court, in the case entitled *Pivot Point Entertainment, LLC and Boris Krutong v. Hybrid Films, Inc., D&D Television Productions, Inc., A&E Television Networks and David Houts*, Index No. 601516/2008 (N.Y. Sup. Ct.) (the "New York Action"), seeking damages for breach of the Producer Agreement and promissory fraud.  (Compl. ¶ 17.)  The New York Action is currently ongoing.  (*Id.* ¶ 18.)

On July 7, 2010, Plaintiffs filed this interpleader action.  (*See id.*)  Plaintiffs allege that, pursuant to the Producer Agreement, they owe in excess of $2 million of assets to Pivot Point or the Chapmans.  (*Id.* ¶ 19.)   Plaintiffs allege that they do not possess any interest in the $2 million owed to either Pivot Point or the Chapmans, and that Pivot Point and the Chapmans have asserted conflicting claims against Plaintiffs with respect to all or part of the $2 million.  (*Id.* ¶¶ 20-21.)  Plaintiffs seek interpleader relief because they "do not know and cannot know" whether Pivot Point or the Chapmans are owed the $2 million.  (*Id.* ¶ 22.)   On September 13, 2010, Plaintiffs filed a Motion for Interpleader Relief pursuant to Rule 22.  (*See* Mot. for Inter.)

Two weeks later, Pivot Point filed an Opposition to the Motion for Interpleader Relief (Doc. 19) and a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(3), 12(b)(6).[2] Pivot Point argues that dismissal under Rule 12(b)(3) is appropriate because venue is improper in the Central District of California in light of the forum selection clause in the Producer Agreement.  (Mot. to Dis. at 20.)

Plaintiffs argue that the forum selection clause does not apply to the interpleader action because the Chapmans are not parties to the Producer Agreement.  (Pls.' Opp. to Mot. to Dismiss, Doc. 23-1, at 7.)  Additionally, Plaintiffs argue that they "could not enforce this interpleader action against the Chapmans in New York." (*Id.*)

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss for improper venue.  Plaintiff has the burden of showing that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  On a motion to dismiss pursuant to Rule 12(b)(3), "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party . . . ." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).  However, the pleadings need not be accepted as true and a court may consider facts outside the pleadings.  *Holland Am. Line, Inc. v. Wartsila North Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007) (citing *Murphy*, 362 F.3d at 1137).

Forum selection clauses are presumptively valid.  *Murphy*, 362 F.3d at 1140.  "[A] clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended . . . ." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991)).  Thus,

---

[2] Pivot Point's Memorandum in Opposition to Interpleader Relief (Doc. 19) is largely identical to its Memorandum in Support of its Motion to Dismiss (Doc. 16).

"a forum [selection] clause should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Murphy*, 362 F.3d at 1140 ("Because forum selection clauses are presumptively valid, they should be honored 'absent some compelling and countervailing reason.'" (quoting *M/S Bremen*, 407 U.S. at 12)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140 (quoting *M/S Bremen*, 407 U.S. at 15).

The Ninth Circuit recognizes three factors that would make enforcement of a forum selection clause unreasonable: (1) inclusion of the clause was the result of fraud or overreaching; (2) the party seeking to avoid enforcement of the clause would be effectively deprived of his day in court if the clause were enforced; or (3) enforcement of the clause would contravene a strong public policy of the forum. *Id.* (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

## IV. DISCUSSION

Plaintiffs devote a single paragraph in their Opposition to the Motion to Dismiss as to why the Producer Agreement's forum selection clause does not apply to this action. (Pls.' Opp. to Mot. to Dismiss at 7.)[3] Plaintiffs argue that (1) "the forum selection clause in the [Producer] Agreement does not deprive this Court of subject matter jurisdiction," and (2) "given that the Chapman defendants are not parties to the [Producer] Agreement, the forum selection clause does not apply to them, and Plaintiffs could not enforce this interpleader action against [the Chapmans] in New York." (*Id.*) These arguments fail to meet Plaintiffs' "heavy burden" of invalidating the forum selection clause.

---

[3] Plaintiffs "in the interest of judicial economy" submitted a single Memorandum that served as their Reply in Support of their Motion for Interpleader Relief and their Opposition to Pivot Point's Motion to Dismiss. (*See* Doc. 23.)

1		First, a Rule 12(b)(3) motion concerns improper venue, not subject-matter
2	jurisdiction.  Thus, Plaintiffs' argument concerning subject-matter jurisdiction is irrelevant
3	as to whether this Court is the proper venue for this action in light of the Producer
4	Agreement's forum selection clause.
5		Second, although the Chapmans are not parties to the Producer Agreement, the
6	Ninth Circuit has held that "where the alleged conduct of the nonparties is closely related
7	to the contractual relationship, 'a range of transaction participants, parties and non-parties,
8	should benefit from *and be subject to forum selection clauses*.'"  *Holland Am.,* 485 F.3d at
9	456 (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir.
10	1988)) (emphasis added).  Plaintiffs allege that the $2 million obligation at issue in this
11	interpleader action, whether owed to Pivot Point or the Chapmans, arises out of the
12	Producer Agreement.  (Compl. ¶ 19; *see* Pls.' Opp. to Mot. to Dis. at 2 ("Plaintiffs are not
13	disputing that they owe money under the [Producer] Agreement; the issue is that Plaintiffs
14	do not know to whom they owe the money."))  Because Plaintiffs filed this action to
15	determine who is owed money under the Producer Agreement and because the Producer
16	Agreement explicitly requires that "any matter arising" under it is "exclusively" under the
17	jurisdiction of New York state and federal courts, venue is improper in the Central District
18	of California.  (Mot. to Dismiss, Ex. 4, ¶ 9.)
19		Finally, though Plaintiffs claim that they could not enforce this action against the
20	Chapmans in New York, independent contracts between Plaintiffs and the Chapmans
21	regarding the Program contain identical forum selection clauses.  (Mot. to Dismiss, Ex. 5 ¶
22	31; *id.*, Ex. 6, ¶ 28.)  Thus, any prospective claim by the Chapmans against Plaintiffs
23	would be governed by an identical New York forum selection clause, making New York,
24	not California, the appropriate venue for this action.
25		Because Plaintiffs have failed to rebut the presumed validity of the Producer
26	Agreement's forum selection clause, venue is improper in the Central District of
27	California.  Under  28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a
28	case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." Absent a showing that the interests of justice require transfer of the case, the Court has discretion to dismiss. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Plaintiffs do not request transfer to another forum, nor have they showed that the interests of justice require it. The Court therefore dismisses the action. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (holding that "[j]ustice would not have been served by transferring [party's] claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.")

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Pivot Point's Motion to Dismiss and DENIES Plaintiffs' Motion for Interpleader Relief.

DATED:  December 10, 2010

JOSEPHINE STATON TUCKER
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE
